[689 NYS2d 474]

In the Matter of JOHN F. LILLARD, III (Admitted as JOHN FRANKLIN LILLARD, III), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 4, 1999

## APPEARANCES OF COUNSEL

*Raymond Vallejo* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Edwin M. Larkin* of counsel (*Winston & Strawn,* attorneys), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, John F. Lillard, III, was admitted to the practice

of law in the State of New York by the First Judicial Department on February 14, 1972, as John Franklin Lillard, III. He was also admitted to the Bar of Maryland and the District of Columbia in 1975, and currently maintains a practice as an attorney and counselor-at-law with an office in Maryland.

This is an application by the Departmental Disciplinary Committee (DDC) seeking an order pursuant to 22 NYCRR 603.3, publicly censuring respondent, predicated upon the fact that he was similarly disciplined by the Maryland Court of Appeals.

By order dated December 12, 1997, the Maryland Court of Appeals reprimanded respondent for (1) engaging in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of Maryland Rules of Professional Conduct, rule 8.4 (c), and (2) engaging in conduct prejudicial to the administration of justice, in violation of Maryland Rules of Professional Conduct, rule 8.4 (d). The court found that respondent had notified an insurance company that he was representing a complainant in a personal injury action when, in fact, an attorney-client relationship had not been formed, and further, that in forcing unwanted representation upon an unsuspecting member of the public, he had thwarted the citizen's right to represent himself.

Pursuant to this Court's order entered May 22, 1998, a hearing was held before a Referee on the merits of respondent's proffered defenses. The Referee issued a report finding that respondent had failed to provide support for his defenses, and recommending that respondent be censured. The determination of the Hearing Panel dated December 1, 1998 affirmed the finding, although it recommended a reprimand as the appropriate sanction. Petitioner now moves pursuant to 22 NYCRR 605.15 (e) (1).

In view of the findings of the Maryland Court of Appeals and this Court's appointed Referee, undisturbed by the Hearing Panel, imposition of reciprocal discipline is proper. The misconduct of which respondent was found guilty in Maryland also constitutes misconduct in this State, since it involves "dishonesty, fraud, deceit, or misrepresentation", and is "prejudicial to the administration of justice" (Code of Professional Responsibility DR 1-102 [A] [4], [5] [22 NYCRR 1200.3]).

In reciprocal discipline cases, the State where respondent lives and practices law "has the greatest interest in the issue and the public policy considerations relevant to such disciplinary action," and it is appropriate here to impose the equivalent

sanction to the one meted out by that State (*Matter of Reiss*, 119 AD2d 1, 6 [1st Dept 1986]). The Maryland Court of Appeals rejected the sanction of a private reprimand, concluding that respondent's actions were sufficiently serious to warrant creating a public record of his misconduct. Although the reprimand was unpublished, it was a matter of public record. Consequently, the appropriate reciprocal discipline here is a public censure. To issue an "unpublished order" as respondent suggests would defeat the purpose of imposing a public sanction.

Accordingly, the DDC's application should be granted and respondent publicly censured for his misconduct in Maryland, predicated upon the discipline imposed by the Maryland Court of Appeals in its order, filed December 12, 1997.

SULLIVAN, J. P., WILLIAMS, WALLACH, MAZZARELLI and SAXE, JJ., concur.

Motion granted, and respondent publicly censured.