[696 NYS2d 442]

In the Matter of JESUS M. RIVERA-ARVELO, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 19, 1999

## APPEARANCES OF COUNSEL

*Jacqueline M. Fitzgerald* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Jesus M. Rivera,* respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

Respondent, Jesus M. Rivera-Arvelo was admitted to the practice of law in the State of New York by the Third Judicial Department on April 30, 1985. Since July 2, 1998, respondent

has maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee (the Committee) seeks an order, pursuant to 22 NYCRR 603.3, disbarring respondent predicated upon the fact that he was similarly disciplined by the Supreme Court of the Commonwealth of Puerto Rico, or in the alternative, sanctioning respondent as this Court deems appropriate.

By decision and order dated March 4, 1993, the Supreme Court of Puerto Rico indefinitely suspended respondent from practicing law in Puerto Rico. Respondent's indefinite suspension was based upon the following acts of professional misconduct: (1) respondent acquired a proprietary interest in real property which was the subject matter of pending litigation he was conducting in violation of Canon 23 of the Puerto Rico Canons of Professional Ethics (PRCE) (PR Laws Ann tit 4, Appendix IX); (2) respondent also knowingly prompted a notary to execute an inaccurate real property deed, in violation of Canon 35 of the PRCE; (3) respondent repeatedly failed to comply with Superior Court orders, failed to notify opposing parties of motions he filed and abused the pleading process by filing various frivolous motions before the Superior Court, in violation of Canons 17, 26 and 35 of the PRCE. In imposing an indefinite suspension, the court noted that respondent's professional misconduct had been before the court on two previous occasions when respondent was advised that he would have to abide by the Canons of Professional Ethics in the future. The Committee has attached a certified translated copy of the Puerto Rico Supreme Court's decision and order.

By a decision and order dated August 5, 1993, the United States District Court for the District of Puerto Rico imposed reciprocal discipline and indefinitely disbarred respondent from the District Court.

On December 3, 1996, the Committee admonished respondent for commingling client's funds with his own in violation of Code of Professional Responsibility DR 9-102 (A) (22 NYCRR 1200.46 [a]). Pursuant to the complaint which ultimately resulted in the admonition, respondent was deposed and asked to complete a questionnaire which the Committee customarily requests an attorney to complete prior to a deposition. Questions 16 through 22 of the questionnaire requests specific information about a respondent's disciplinary history in other jurisdictions. In response to these questions, respondent wrote in the margin *"subjudice* from (16) to (22)."

At his deposition, when asked about this response, respondent informed Committee staff that there was a proceeding against him in Puerto Rico, but he was unclear as to whether the nature of the matter was civil, criminal or disciplinary. Respondent was not responsive as to whether there existed a court order, or whether the case was on appeal. A letter sent to respondent's attorney in Puerto Rico requesting information regarding the proceeding against respondent in Puerto Rico was not answered.

The Committee first became aware of the exact nature of the Puerto Rico disciplinary proceeding in January 1999 when it received a complaint against respondent from a client. The complainant notified the Committee that respondent had been disbarred in Puerto Rico and this information was thereafter confirmed. In his March 15, 1999 answer to the complaint, respondent did not reveal his disbarment, but disputed the pending complaint and emphasized his contribution to the legal community.

In seeking an order pursuant to 22 NYCRR 603.3 disbarring respondent, the Committee asserts that the circumstances herein, i.e., that respondent had ample notice and opportunity to answer the charges, that there was ample proof of the charges, and that the misconduct for which he was disciplined constitutes misconduct in this jurisdiction, preclude respondent from raising any defense enumerated in 22 NYCRR 603.3 (c).

Respondent's primary argument in opposition, however, is that he is unable to fully defend himself in the instant proceeding because the Committee has not provided a record of the underlying proceedings. Indeed, respondent correctly claims that the Third Judicial Department denied, for the same reason, a similar petition for reciprocal discipline by the Committee on Professional Standards for the Third Department.

Subdivision (b) of rule 603.3 provides that an attorney who has been disciplined in a foreign jurisdiction shall be given notice of his/her right to present the defenses enumerated in subdivision (c) "[u]pon receipt of a certified or exemplified copy of the order imposing such discipline in a foreign jurisdiction, and of the record of the proceeding upon which such order was based." While it is true, as Committee staff asserts, that the translated decision by the Supreme Court sets forth the procedural history and the evidentiary basis for the Court's findings, an attorney subject to reciprocal discipline is certainly disadvantaged in "setting forth evidentiary facts for any

defense to discipline enumerated under subdivision (c) of this section" (22 NYCRR 603.3 [b]) by the failure of the Committee to file a translated record of the underlying proceedings.

In view of the fact that respondent has raised defenses and has demanded a hearing, the matter should be referred for a hearing, pursuant to 22 NYCRR 603.3 (b). The record, in its present state, is inadequate to permit this Court to determine the merits of respondent's defenses (*see, Matter of Lillard*, 255 AD2d 88).

There is, however, significant evidence that respondent has committed professional misconduct which threatens the public interest by engaging in deceitful conduct as to his disbarment. He failed to inform the Committee of his foreign discipline, as required by 22 NYCRR 603.3 (d), he failed to disclose it in a questionnaire he filled out in 1996, which specifically asked about disciplinary matters, and he applied for the Certificate of Good Standing from the Third Department, knowing that he was disbarred in Puerto Rico and was obligated to inform the Third Department of his disbarment.

Accordingly, this matter should be Referred to a Referee for a hearing, whereupon the Committee should provide respondent and the Referee with a translated copy of the proceedings in the Puerto Rico Supreme Court within 60 days, and respondent should be suspended forthwith, *sua sponte*, pending the determination of these proceedings (22 NYCRR 603.4 [e] [1] [iii]).

SULLIVAN, J. P., WILLIAMS, MAZZARELLI, LERNER and RUBIN, JJ., concur.

Petition to disbar respondent pursuant to the doctrine of reciprocal discipline granted only to the extent of remanding the matter for a hearing, appointing a Referee and directing that a translated copy of the record be provided, as indicated; and, *sua sponte,* respondent suspended from the practice of law in the State of New York, effective the date hereof, and until the further order of this Court.