[722 NYS2d 901]

In the Matter of WILLIAM M. JOYCE (Admitted as WILLIAM MICHAEL JOYCE), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 16, 2001

**APPEARANCES OF COUNSEL**

*Gary L. Casella,* White Plains (*Matthew Renert* of counsel), for petitioner.

*William M. Joyce*, Rye, respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a petition containing four charges of professional misconduct. The Special Referee sustained all four charges after a hearing. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline as the Court deems just and proper. The respondent has submitted an affirmation in opposition to the Grievance Committee's motion and a request that this Court impose a sanction less severe than suspension from the practice of law.

Charge One alleges that the respondent has engaged in conduct prejudicial to the administration of justice by failing to cooperate with an investigation of a complaint of professional misconduct, in violation of the Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]).

The Grievance Committee sent the respondent a copy of the complaint of Rita Coppolecchia on or about August 26, 1998, with a request that he submit a written answer within 10 days. Instead, the respondent submitted a letter dated September 8, 1998, advising that he was "swamped" and would submit an answer the following Monday.

The respondent failed to submit an answer. The Grievance Committee sent a second letter to the respondent on or about September 23, 1998, by certified mail. He failed to answer.

On or about October 27, 1998, the Grievance Committee served the respondent with a judicial subpoena and judicial subpoena duces tecum, so ordered by this Court. The respondent appeared at the Grievance Committee's offices to give testimony on or about October 29, 1998. He admitted his receipt of the Grievance Committee's letters of August 26, 1998, and September 23, 1998, and his failure to submit an answer to the complaint. At the respondent's request, the Grievance Committee scheduled November 13, 1998, as a final date to submit an answer. The respondent still failed to comply.

Charge Two alleges that the respondent engaged in conduct that adversely reflects on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [7]), based on the factual allegations of Charge One.

Charge Three alleges that the respondent neglected a legal matter entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]).

In or about April 1997, the respondent commenced a foreclosure action against John and Alice Gannon on behalf of Ripple Realty regarding a mortgage it held on property in Yonkers. The Supreme Court, Westchester County, appointed a Referee in or about June 1997. The respondent sent the oath and report to the Referee in or about August 1997. The Referee signed the report on or about September 24, 1997.

The respondent's office prepared an application to be submitted to the Supreme Court to conduct a foreclosure sale which the respondent reviewed. The papers did not include an affidavit of legal services. The respondent failed to submit a complete application to the Supreme Court to authorize the foreclosure sale.

Charge Four alleges that the respondent engaged in conduct that adversely reflects on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [7]).

Rita Coppolecchia, an officer of Ripple Realty, made numerous telephone calls to the respondent in an effort to ascertain the status of the application for the foreclosure sale after issuing a check to advertise the foreclosure sale in May 1997. The respondent failed to return many of those phone calls or made assurances that the matter would be handled expeditiously.

Based on the respondent's admissions and the evidence adduced, the Special Referee properly sustained all four charges. The Grievance Committee's motion to confirm is granted.

In determining an appropriate measure of discipline to impose, the respondent offers, in mitigation, his own good character and reputation, his previously unblemished record as a member of the Bar, his acknowledgment of wrongdoing and expressions of remorse, his commitment to the representation of indigent or underprivileged persons, the absence of venal intent, the stress of business pressures, the prolonged illness and death of his father, and a complete lack of loss on the part of the complainant. In view of the substantial mitigating factors advanced, the respondent requests that the Court limit any sanction imposed to a censure or some other sanction less than suspension.

Under the totality of circumstances, the respondent is censured for his professional misconduct.

BRACKEN, P. J., O'BRIEN, RITTER, SANTUCCI and KRAUSMAN, JJ., concur.

Ordered that the Grievance Committee's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, William M. Joyce, is censured for his professional misconduct.