[771 NYS2d 171]

In the Matter of WILLIAM M. JOYCE (Admitted as WILLIAM MICHAEL JOYCE), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, January 26, 2004

APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Matthew Renert* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a petition containing five charges of professional misconduct. The petition was amended by stipulation dated January 15, 2003. After a hearing on January 15, 2003, the Special Referee sustained all five charges. The petitioner now moves for an order confirming the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. The respondent has neither cross-moved nor submitted any papers in response to the motion.

Charge One alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).

In or about 1996 the respondent was retained by Michael Oles to represent 163 Highland Avenue Realty Corporation (hereinafter Highland) which included the subsequent commencement of a civil action in the Supreme Court, Westchester County.

In or about September 1999 the respondent advised Mr. Oles, the president of Highland, that he had filed a motion for summary judgment in the Supreme Court action. At the time, the respondent knew that he had not, in fact, filed any such motion.

Charge Two alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).

After making the misrepresentation which was the subject of Charge One, the respondent advised Mr. Oles that the Supreme Court had rendered a decision on the purported motion for summary judgment, and allegedly awarded damages to Highland. At the time, the respondent knew that the motion for summary judgment remained unfiled and that, in turn, no related decision had been rendered by the court.

Charge Three alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).

Sometime thereafter, the respondent advised Mr. Oles that he had submitted a petition to the Supreme Court for the purpose of satisfying the purported judgment by executing upon funds held by the defendant in a bank account with the Bank of New York. At the time the respondent made this misrepresentation to Mr. Oles, he knew that he had not, in fact, filed any such petition with the court.

Charge Four alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).

At the time he made these statements to Mr. Oles, the respondent knew that they were, in fact, false.

Charge Five alleges that the respondent neglected a legal matter entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]).

In or about March 1999 he had completed nearly all of the investigations and research necessary to prepare and submit a motion for summary judgment on behalf of Highland. However, the respondent failed to complete and submit the motion for summary judgment until approximately June 2000. The respondent knew or should have known that in committing the aforesaid acts, he was violating Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]) and DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]).

Based upon the stipulation executed by the parties on January 15, 2003, the respondent, at the hearing before the Special Referee, verbally amended his answer to the petition, dated December 3, 2002, to admit any allegations previously denied.

Based on the respondent's admissions, the motion to confirm the Special Referee's report, which sustained all five charges, is granted.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider his profound remorse, the apparent lack of financial detriment to the client, his pro bono contributions, and his total cooperation with the petitioner. The respondent's disciplinary history consists of a public censure imposed by this Court by opinion and order dated April 16, 2001 (282 AD2d 84), as a result of a prior disciplinary proceeding involving four charges of professional misconduct, including failing to cooperate with the petitioner's investigation, engaging in conduct adversely reflecting on his fitness to practice law, and neglect.

Under the totality of circumstances, the respondent is censured for his professional misconduct.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and KRAUSMAN, JJ., concur.

Ordered that the motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent is censured for his professional misconduct.