[832 NYS2d 177]

In the Matter of Karen Jaffe (Admitted as Karen Jaffe-Nierenberg), an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, March 15, 2007

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*James T. Shed* of counsel), for petitioner.

*Linda F. Fredrizzi* for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Karen Jaffe-Nierenberg was admitted to the

practice of law in the State of New York by the Fourth Judicial Department on June 24, 1982. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Judicial Department under the name Karen Jaffe.

The Departmental Disciplinary Committee now seeks an order pursuant to 22 NYCRR 603.3, imposing reciprocal discipline upon respondent, predicated upon a 30-day suspension ordered by the United States Court of Appeals for the Second Circuit. In the alternative, the Committee seeks an order sanctioning respondent as this Court deems appropriate.

In May 2006, the United States Court of Appeals for the Second Circuit suspended respondent for 30 days, based upon her falsely stating that illness precluded her from attending a required appearance before that court on two occasions. On those same dates, respondent appeared before an Immigration Judge, within two blocks of the Second Circuit courthouse. In response to the disciplinary motion before the Second Circuit, respondent presented various medically documented physical and psychological problems to attempt to explain her failure to appear for her court appearances. The Second Circuit ultimately premised its disciplinary action upon the respondent's admitted false statements to the court, her substandard submissions of motions and briefs, and her chronic failure to adhere to the Federal Rules of Appellate Procedure.

In July 2006, the Board of Immigration Appeals reciprocally suspended respondent from practice before that court, the Immigration Courts, and the Department of Homeland Security. This 30-day suspension was made retroactive to an interim suspension before those courts, issued on June 12, 2006.

By order entered July 13, 2006, respondent's reinstatement before the Second Circuit was conditioned upon her being: (1) relieved of counsel in all cases in which she had not yet filed a brief; (2) barred from filing new cases until the number in which she was the counsel of record had fallen below 30 cases; and (3) barred in the future from having more than 30 cases pending before the Second Circuit. By order entered July 27, 2006, respondent was reinstated to practice before the Immigration Courts, the Board of Immigration Appeals and the Department of Homeland Security.

In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 603.3, respondent is precluded from raising any defenses except: (1) lack of notice constituting deprivation of due pro-

cess; (2) an infirmity in the proof presented to the foreign jurisdiction; or (3) that the misconduct for which the attorney was disciplined in a foreign jurisdiction does not constitute misconduct in this jurisdiction (*Matter of Pu*, 37 AD3d 56 [2006]).

Here, respondent was provided with ample notice and an opportunity to be heard before the Second Circuit. Respondent took the opportunity to respond to the federal disciplinary authority by submitting various submissions, including a statement, a brief, and a letter from her doctor. Further, respondent admitted that she misled the Second Circuit as to the reason for her failure to appear before it on two occasions. Finally, respondent's misconduct in making false statements to a court constitutes violations of multiple disciplinary rules in this state (*see* Code of Professional Responsibility DR 1-102 [a] [4] [conduct involving dishonesty, fraud, deceit or misrepresentation]; [5] [conduct prejudicial to the administration of justice]; and [7] [conduct that adversely reflects on lawyer's fitness to practice law] [22 NYCRR 1200.3]).

On the issue of sanction in a reciprocal disciplinary proceeding involving a 30-day suspension, practicality has historically dictated that we impose a public censure (*Matter of Hoffman*, 34 AD3d 1 [2006]; *Matter of Kahn*, 28 AD3d 161, 164 [2006]; *Matter of O'Toole*, 12 AD3d 1, 4 [2004]).

Accordingly, the Committee's motion should be granted to the extent that respondent be publicly censured.

MAZZARELLI, J.P., ANDRIAS, MARLOW, McGUIRE and MALONE, JJ., concur.

Petition granted to the extent of directing that respondent be publicly censured.