[893 NYS2d 600]

In the Matter of WILLIAM M. JOYCE (Admitted as WILLIAM MICHAEL JOYCE), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, January 26, 2010

### APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Matthew Lee-Renert* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Ninth Judicial District (hereinafter the Grievance Committee) served the respondent with a petition dated January 4, 2007, containing 12 charges of professional misconduct.

After a preliminary conference on November 14, 2007, and hearings on March 10, 11, 12 and 13, 2008, the Special Referee sustained charges one, two, and seven through twelve, but declined to sustain charges three and four. At the conclusion of the hearing, the Grievance Committee withdrew charges five and six. The Grievance Committee now moves to confirm the Special Referee's report with respect to the charges that were sustained, and to disaffirm the report with respect to the charges that were not sustained. The respondent has neither cross-moved nor submitted any papers in response to the Grievance Committee's motion.

Charge one alleges that the respondent has been guilty of conduct prejudicial to the administration of justice and conduct adversely reflecting on his fitness to practice law by failing to submit a written answer to a complaint of professional misconduct, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]).

The Grievance Committee provided the respondent with a copy of the complaint against him, filed by Owen Peterson and Judith Peterson (hereinafter the Petersons) and dated February 19, 2006, and, by letter dated February 28, 2006, and certified letters dated April 4 and July 26, 2006, directed him to submit a written answer. The Grievance Committee advised the respon-

dent that failure to cooperate constituted professional misconduct independent of the merits of the complaint, and could provide the basis for an application for the immediate suspension of his license to practice law in New York.

By fax correspondence transmitted on August 17, 2006, the respondent acknowledged that he had received the complaint, and advised that he would submit an answer. Despite additional communications in which he indicated that he was preparing his answer for submission, the respondent failed to submit an answer.

Charge two alleges that the respondent engaged in conduct prejudicial to the administration of justice and adversely reflecting on his fitness to practice law by failing to comply with a lawful demand of the Grievance Committee in connection with its investigation, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]).

On August 17, 2006, the Grievance Committee requested that the respondent produce a copy of his file referable to his representation of the Petersons no later than August 28, 2006. As of the date of the petition, the respondent failed to provide that file to the Grievance Committee.

Charge seven alleges that the respondent neglected a legal matter entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]).

In or about 2003, the respondent agreed to represent Judith Peterson in her defense of a claim asserted against her by MBNA America. In or about 2005, MBNA America obtained a judgment against Ms. Peterson in the Supreme Court, Putnam County. Although the respondent prepared a motion to vacate that judgment, he failed to file it with the court.

Charge eight alleges that the respondent engaged in conduct prejudicial to the administration of justice by failing to maintain his attorney registration with the Office of Court Administration (hereinafter OCA), in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]).

The respondent was required to file a biennial registration statement and fee in or about April 2005 for the 2005-2006 registration period. The respondent failed to file his biennial registration with OCA and to pay any applicable fee for that period until approximately August 2006, following the commencement of a sua sponte complaint filed against him by the Grievance Committee relative to his delinquency.

Charge nine alleges that the respondent engaged in conduct prejudicial to the administration of justice by failing to maintain his attorney registration with OCA, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]).

Judiciary Law § 468-a (2) requires that an attorney file an amended registration statement within 30 days in the event of a change in information previously submitted in an attorney's registration statement. At the time the sua sponte complaint was filed against him in February 2006, the respondent listed his law office address as 1188 First St., New Windsor, NY. Although he no longer maintained a professional office at that address, the respondent failed to notify OCA of the change in the information contained on his attorney registration form until approximately August 2006, subsequent to the filing of the Grievance Committee's sua sponte complaint against him.

Charge ten alleges that the respondent has engaged in conduct prejudicial to the administration of justice and conduct adversely reflecting upon his fitness to practice law by failing to submit a written answer to a complaint of professional misconduct in a timely manner, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]).

By letter dated February 28, 2006, and certified letters dated April 4, and July 26, 2006, respectively, the Grievance Committee advised the respondent of the sua sponte complaint based on his alleged failure to maintain his attorney registration, and directed him to submit an answer. The Grievance Committee advised the respondent that failure to cooperate constituted professional misconduct independent of the merits of the complaint, and could provide the basis for an application for his immediate suspension. The respondent did not submit an answer to the sua sponte complaint until approximately August 17, 2006.

Charge eleven alleges that the respondent has engaged in conduct that adversely reflects upon his fitness to practice law by failing to cooperate with the lawful demands of the Grievance Committee in a timely manner, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

The sua sponte complaint directed the respondent to provide the Grievance Committee with proof of his compliance with his attorney registration obligations within 60 days. The respon-

dent did not submit proof of compliance until approximately August 17, 2006.

Charge twelve alleges that the respondent engaged in conduct prejudicial to the administration of justice by failing properly to maintain his attorney registration with OCA, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]).

Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 (g) sets forth provisions that an attorney may certify himself or herself as "retired" when he or she does not practice law in any respect, and does not intend to ever engage in acts which constitute the practice of law. That section defines the practice of law as "the giving of legal advice or counsel to, or providing legal representation for, a particular body or individual in a particular situation in either the public or private sector in the State of New York or elsewhere."

At the time he submitted his registration statement to OCA, the respondent was employed as the general counsel of an investment bank. In the attorney registration statement he submitted to OCA, the respondent improperly certified that he is retired from the practice of law.

Based on the evidence adduced, we find that the Special Referee properly sustained charges one, two, and seven through twelve, and properly declined to sustain charges three and four. Accordingly, the motion of the Grievance Committee to confirm the report in part and disaffirm the report in part is granted to the extent that charges one, two, and seven through twelve are sustained, and the motion is otherwise denied.

In determining an appropriate measure of discipline to impose, the Grievance Committee points out that this is the respondent's third disciplinary proceeding. By opinion and order of this Court dated April 16, 2001 (see Matter of Joyce, 282 AD2d 84 [2001]), the respondent was publicly censured based on four charges of professional misconduct, including failure to cooperate, neglect, and failure to return phone calls to ascertain the status of a matter. By opinion and order of this Court dated January 26, 2004 (see Matter of Joyce, 3 AD3d 178 [2004]), the respondent was again publicly censured based on charges of dishonesty, fraud, deceit, and misrepresentation based on false statements to a client, and neglect of a legal matter entrusted to him.

The respondent has presented no evidence in mitigation. He has been under an interim suspension since June 11, 2007, pur-

suant to a decision and order on motion of this Court entered on that date (2007 NY Slip Op 71289[U]).

Despite the multiplicity of charges, the respondent's misconduct essentially emanates from two matters: his representation of the Petersons and his failure to properly maintain his attorney registration. While the charges do not include conversion or misappropriation of client funds, the respondent has evinced a pattern of neglect and failure to cooperate.

Given the totality of the circumstances, the respondent is suspended from the practice of law for a period of two years, with credit for the time elapsed since the date of his interim suspension.

PRUDENTI, P.J., MASTRO, RIVERA, FISHER and DILLON, JJ., concur.

Ordered that the motion of the Grievance Committee to confirm in part and disaffirm in part the Special Referee's report is granted to the extent that charges one, two, and seven through twelve are sustained, and the motion is otherwise denied; and it is further,

Ordered that the respondent, William M. Joyce, admitted as William Michael Joyce, is suspended from the practice of law for a period of two years, commencing immediately, with credit for the time elapsed under the interim suspension imposed by decision and order on motion of this Court dated June 11, 2007, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement immediately upon furnishing satisfactory proof that during the said period he (a) refrained from practicing or attempting to practice law, (b) fully complied with this opinion and order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), (c) complied with the continuing legal education requirements of 22 NYCRR 691.11 (c), and (d) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, William M. Joyce, admitted as William Michael Joyce, shall continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law

or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if William M. Joyce, admitted as William Michael Joyce, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and William M. Joyce, admitted as William Michael Joyce, shall certify to the same in his affidavit of compliance, pursuant to 22 NYCRR 691.10 (f).