*79 OPINION OF THE COURT
Per Curiam.
Respondent Roman Leonov was admitted to the practice of law in the State of New York by the Second Judicial Department on May 21, 2008. At all times relevant to these proceedings, he has maintained an office for the practice of law within the First Judicial Department.
On December 27, 2011, this Court publicly censured respondent for violating Code of Professional Responsibility DR 1-102 (a) (3) (22 NYCRR 1200.3 [a] [3]) (engaging in illegal conduct that adversely reflected on his honesty, trustworthiness or fitness as a lawyer) based upon his violent, physical assault on a taxi driver in 2008 which resulted in serious injuries to the driver (requiring surgery) and a misdemeanor criminal conviction for respondent (Matter of Leonov, 92 AD3d 50 [1st Dept 2011]).
In February 2012, respondent was served with a notice and statement of charges alleging that he engaged in conduct involving dishonesty, fraud, deceit or misrepresentation in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (c), and conduct that adversely reflected on his fitness as a lawyer in violation of rule 8.4 (h), by sending an email to a former employee of a client, falsely stating that an injunction was filed against him and that he would be held in contempt if he tried to contact the client. Respondent submitted an answer admitting to both charges, and the parties entered into a prehearing stipulation.
The Referee held a hearing at which respondent appeared pro se. In his report, the Referee sustained the two admitted charges and recommended a public censure. The Hearing Panel confirmed the Referee’s report in its entirety, including the recommended sanction of censure.
The Committee now moves pursuant to 22 NYCRR 603.4 (d) and 605.15 (e) (2), confirming the findings of fact, conclusions of law, and sanction recommendation of the Referee and Hearing Panel, and imposing censure. Respondent, pro se, has not submitted a response to this petition.
The facts are undisputed. In approximately 2009, respondent became employed by UtiliSave LLC, initially to collect its accounts receivables and then as general counsel. In February 2010, UtiliSave hired Christopher O’Dea as a salesman but by July 2010, he resigned and respondent was assigned to all mat *80 ters related to O’Dea’s departure. According to respondent, O’Dea was contacting people at UtiliSave telling them he was owed money, and both the vice-president and CEO of the company were afraid that O’Dea would cause them physical harm. When respondent spoke with someone at the Brooklyn District Attorney’s Office about O’Dea, that person told him to call 911 if he believed there was a threat, but respondent decided against it because he didn’t want O’Dea to be arrested.
Instead, on or about August 21, 2010, respondent sent an email to O’Dea that included this language:
“You are on notice that I have filed an injunction with the District Attorney’s office against you. Any further communications from you including a response to this or any previous email, letter, or other correspondence will be deemed to be in contempt of this injunction and you will subject yourself to contempt of court citations or worse.”
O’Dea reported respondent to the Committee.
Respondent testified that his only purpose for sending the email was to discourage O’Dea from contacting UtiliSave or any of its employees, and not to cause O’Dea any harm. Respondent described his conduct as “stupidity” committed due to a “lack of knowledge,” admitting that the false email should never have been written, that it was a terrible mistake and that he had no defense for his actions. He also stated that he did not want to receive another censure (like the one he received for assaulting the taxi driver) and he asked for a reprimand. Respondent testified that as a result of his criminal record and/or censure, he is unable to get a job anywhere, and attempts to perform whatever legal work he can get from out of his home or at a Manhattan office.
In mitigation the Referee considered respondent’s relative inexperience as an attorney (only admitted two years when the misconduct occurred), his cooperation with the Committee, his remorse, and that he was acting to protect his client from O’Dea and not for any economic or personal advantage.
In aggravation, the Referee noted the prior disciplinary proceeding in which respondent received a censure for assaulting a taxi driver, which was still pending when he engaged in the misconduct at bar. The Committee suggested a three-month suspension in light of respondent’s recent public censure, and respondent requested a private reprimand or, at most, a public censure.
*81 The Referee sustained both charges and rejected a reprimand as inappropriate given that respondent had two separate matters before the Committee within two years.
The Committee asked the Panel to adopt the Referee’s findings but recommended that respondent be suspended for three months. Respondent reiterated his request for a private reprimand or, in the alternative, a censure.
In agreeing with the Referee that censure was the appropriate sanction for the misconduct at issue, the Hearing Panel determined:
“In the Panel’s view, Respondent’s action in sending a threatening, false email to O’Dea is too serious to justify a private reprimand. The Staff requests a three-month suspension based on . . . his assault on the taxi driver. The Panel is of the opinion, however, that the behavior resulting in Respondent’s prior censure is too dissimilar from the instant charges as to give rise to an argument that Respondent has not learned his lesson, so as to require a suspension. Moreover, the conduct at issue here occurred after the taxi driver assault, but before this Court issued its public censure based on that conduct. . .
“[W]e do have concerns about Respondent’s judgment and overall competence to practice law . . . Relatedly, Respondent — in his effort to build a law practice — is quick to take on matters with which he has little or no experience, while displaying a lack of insight into how to learn what is necessary to handle the matter competently. Though we do not believe that these shortcomings qualify as a sufficient basis to enhance his penalty to a suspension, it does not augur well for Respondent’s future career in the law, and he would be well advised to practice in close association with a senior attorney who would take the time to mentor Respondent and help him become a careful and more responsible lawyer.”
The petition to confirm is granted. As respondent admitted to the misconduct charged, violations of rule 8.4 (c) and (h) should be sustained and the findings of fact and conclusions of law should be confirmed.
Regarding the sanction of censure, the Referee and Hearing Panel properly balanced the mitigating and aggravating factors *82 in determining that a public censure would be most appropriate. Moreover, censure is consistent with New York precedent for somewhat similar types of misconduct (see e.g. Matter of Joyce, 3 AD3d 178 [2d Dept 2004] [attorney, who had previously been censured on another matter, was censured again after he falsely advised a client that he had filed a motion with the court which was successful when, in fact, he prepared the motion but did not file it until nine months after he made the misrepresentation to his client]; Matter of Jaffe, 40 AD3d 96 [1st Dept 2007] [in a reciprocal discipline proceeding, this Court censured the attorney after she made false representations to a federal court, on two occasions, about her inability to appear due to illness when, in fact, she appeared in another court on the same day she claimed to be sick]; Matter of Lillard, 255 AD2d 88 [1st Dept 1999] [in a reciprocal discipline proceeding, this Court censured the attorney after he informed an insurance company that he represented a party in a personal injury action when no such attorney-client relationship existed]).
In sum, in light of the evidence in mitigation and given the legal precedent, we will impose the sanction of public censure. However, in so doing, we urge respondent to practice in close association, or consult regularly with, a senior attorney. No further acts of misconduct will be tolerated and will subject respondent to a strong penalty.
Accordingly, the Committee’s petition should be granted and respondent publicly censured.
Freedman, J.P., Richter, Abdus-Salaam, Manzanet-Daniels and Román, JJ., concur.
Respondent publicly censured.