Matter of Marquis (2020 NY Slip Op 08002)





Matter of Marquis


2020 NY Slip Op 08002


Decided on December 29, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 29, 2020
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Rolando T. Acosta,P.J.,
Sallie Manzanet-Daniels
Troy K. Webber
Lizbeth González
Tanya R. Kennedy, JJ.


Motion No. 2020-03429 Case No. 2020-04218 

[*1]In the Matter of Traci L. Bransford Marquis, (Admitted as Traci Leigh Bransford) an Attorney and Counselor-at Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Traci L. Bransford Marquis (OCA Atty Reg. No. 2500437.), Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Third Judicial Department on September 29, 1992.




Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York (Thomas M. Lee, of counsel), for petitioner.
Respondent pro se.



Per Curiam 


Respondent Traci L. Bransford Marquis was admitted to the practice of law in the State of New York by the Third Judicial Department on September 29, 1992, under the name Traci Leigh Bransford. At all times relevant to this proceeding, respondent maintained a registered business address within the First Judicial Department.
By order entered February 26, 2020, the Virginia Circuit Court for the City of Chesapeake suspended respondent from the practice of law for 30 days.
Now, the Attorney Grievance Committee (the Committee) seeks an order, pursuant to Judiciary Law § 90(2), the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13, and the doctrine of reciprocal discipline, finding that respondent has been disciplined by a foreign jurisdiction, directing her to demonstrate why she should not be disciplined in New York based on her discipline in Virginia, imposing the sanction of public censure, or, in the alternative, sanctioning respondent as this Court deems appropriate. Respondent does not oppose the application.
Respondent's Virginia misconduct is detailed in a stipulation entered into by her and the Virginia State Bar. The facts of the misconduct are as follows.
Respondent was admitted to the practice of law in Virginia on September 15, 2004. On December 15, 2015, she requested that her Virginia bar membership be changed to Associate status, under which an attorney pays reduced bar fees and is relieved from continuing legal education requirements, but may not practice law (see Classes of Members, The Virginia State Bar, https://www.vsb.org/pro-guidelines/index.php/bar-govt/classes-of-membership/[last accessed December 16, 2020]).[FN1]
On August 16, 2016, respondent sent the complainant, a Virginia resident, a retainer agreement/engagement letter to provide legal services related to the formation of a not-for-profit charity under 26 USC § 501(c)(3). The letterhead on the retainer agreement indicated that respondent was licensed in Virginia. However, respondent's Associate status precluded her from practicing law.
The complainant executed the retainer agreement and paid respondent the agreed upon fee of $2,500. Respondent deposited the fee into her personal account because she did not maintain an attorney trust account as required by Virginia Rules of Professional Conduct 1.15(a). Further, although she was paid, respondent did not complete all of the documents necessary to finalize the 501(c)(3) registration.
In or about October 2018, the complainant contacted respondent demanding a refund, but respondent was unresponsive. On or about March 8, 2019, the complainant filed a complaint with the Virginia State Bar.
In responding to the complaint, respondent informed the Virginia State Bar that all work for her current clients had stopped because of family health issues. Respondent asserted that she intended to provide the [*2]complainant a full refund but would not be able to do so until April or May. Respondent's response included documents that she had completed for the complainant, but they revealed that she did not complete all the necessary documents required to obtain tax-exempt status for a corporate entity. On May 21, 2019, respondent refunded the full $2,500 to the complainant.
Respondent admitted in the stipulation with the Virginia State Bar that her conduct violated Virginia Rules of Professional Conduct 1.3(a) (failure to act with reasonable diligence and promptness in representing a client); 1.4(a) (failure to keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information); 1.15(a)(1) (requiring that all funds received by a lawyer on behalf of a client, other than reimbursement of advances for costs and expenses, be deposited into an attorney trust account); 1.15(b)(5) (prohibiting unauthorized use or disbursement of client funds or their conversion, except as directed by a tribunal); 1.16(a)(1) (prohibiting representation of a client when such will result in violation of the RPC or other law); 7.1 (prohibiting a lawyer from making a false or misleading communication about the lawyer or the lawyer's services); and 8.4(b) (prohibiting commission of a criminal or deliberately wrongful act that reflects adversely on the lawyer's honesty, trustworthiness or fitness to practice law). The parties agreed that a 30-day suspension was the appropriate sanction.
The Virginia Circuit Court approved the stipulation based on its review of the record and the arguments of the parties. Accordingly, it suspended respondent from the practice of law in the Commonwealth of Virginia for 30 days, effective February 26, 2020. Respondent self-reported her discipline in Virginia to New York in accordance with 22 NYCRR 1240.13(b), which triggered the instant proceeding.[FN2]
In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 1240.13, a respondent may raise the following defenses: (1) a lack of notice or opportunity to be heard in the foreign jurisdiction constituting a deprivation of due process; (2) an infirmity of proof establishing the misconduct; or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state (see 22 NYCRR 1240.13[b]).
Respondent has not raised any of these defenses. Moreover, none of them apply.
Respondent was not deprived of due process, since she was fully advised of her misconduct and admitted to it while represented by counsel. There is no infirmity of proof, since respondent's admissions fully establish her misconduct. Respondent's misconduct in Virginia would constitute misconduct in violation of New York Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.3(a) (requiring a lawyer to act with reasonable diligence and promptness as to client matters); 1.4(a) (requiring a client be kept reasonably informed [*3]about a matter); 1.16(b)(1) (requiring a lawyer to withdraw from representation that will result in a violation of the RPC); 5.5(a) (requiring that a lawyer not practice in violation of the regulation of the legal profession); 7.1(a)(1) (prohibiting false or misleading communication about the lawyer's services); and 8.4(h) (prohibiting conduct that adversely reflects on a lawyer's fitness).
As to sanction, the Committee requests, and respondent does not oppose, that we impose a public censure. While we generally do not depart from the foreign jurisdiction's sanction (see Matter of Peters, 127 AD3d 103, 109 [1st Dept 2015]), this Court prefers public censures over 30-day suspensions for practical reasons (see Matter of Jaffe, 40 AD3d 96, 98 [1st Dept 2007]; Matter of Vohra, 303 AD2d 61, 64-65 [1st Dept 2003]). In addition, we have previously imposed public censures for comparable misconduct (see Matter of Valvano, 186 AD3d 1, 5 [1st Dept 2020]; Matter of McNeely, 163 AD3d 227, 229 [1st Dept 2018]).
Accordingly, the Committee's motion for reciprocal discipline should be granted and respondent publicly censured.
All concur.
It is Ordered that the Committee's motion for reciprocal discipline pursuant to Judiciary Law § 90(2) and the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 is granted and respondent is publicly censured.
Entered: [December 29, 2020]



Footnotes

Footnote 1: On October 12, 2016, respondent was administratively suspended for failure to pay annual dues. Her Virginia license remained administratively suspended at the time of her stipulation with the Virginia State Bar.

Footnote 2: Respondent also reported the Virginia discipline to the Texas State Bar, and the Texas Board of Disciplinary Appeals imposed reciprocal discipline on August 6, 2020. Respondent informed the Committee of the Texas discipline on November 16, 2020.