Matter of Tyler (2020 NY Slip Op 00668)





Matter of Tyler


2020 NY Slip Op 00668


Decided on January 30, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 30, 2020

PM-31-20

[*1]In the Matter of Kimberly Smith Tyler, a Suspended Attorney. (Attorney Registration No. 2915171.)

Calendar Date: December 20, 2019

Before: Egan Jr., J.P., Clark, Devine, Pritzker and Reynolds Fitzgerald, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Kimberly Smith Tyler, Hackensack, New Jersey, respondent pro se.



Per Curiam.
Respondent was admitted to practice by this Court in 1998, after previously being admitted in New Jersey, where she last maintained a business address with the Office of Court Administration. By September 2009 order, this Court suspended respondent from the practice of law in New York for conduct prejudicial to the administration of justice arising from her noncompliance with the attorney registration requirements of Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 from 2002 onward (Matter of Attorneys in Violation of Judiciary Law § 468, 65 AD3d 1447, 1479 [2009]; see Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). Respondent's longstanding registration delinquency and suspension in this state continue to date.
Subsequently, by corrected order filed in October 2018, the Supreme Court of New Jersey suspended respondent for a six-month term based upon multiple sustained charges of misconduct, which included allegations of client neglect and misrepresentations to clients, all in violation of six provisions of the New Jersey Rules of Professional Conduct (Matter of Tyler, 235 NJ 323 [2018]).[FN1] Respondent failed to notify this Court and the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) within 30 days following the imposition of this discipline, as required by Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (d). AGC now moves, by order to show cause made returnable December 9, 2019, to impose discipline upon respondent based upon the six-month suspension imposed in New Jersey. Inasmuch as respondent's submission in response does not contest any of the findings of misconduct or raise any of the available defenses (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b]), AGC's motion to impose discipline is granted (see Matter of Tan, 149 AD3d 1344, 1345 [2017]).
Turning to the appropriate disciplinary sanction, we note that, while this Court may consider the discipline imposed upon respondent in New Jersey, we are not bound to impose that sanction (see e.g. Matter of Bailey, 177 AD3d 1079, 1080 [2019]; Matter of Powers, 176 AD3d 1468-1469-1470 [2019]). In that regard, we note that, while respondent has mentioned some matters in mitigation, her misconduct is nevertheless exacerbated by, among other things, her extant suspension, longstanding registration delinquency and failure to provide proper notice to this Court and AGC of her New Jersey discipline. Under the circumstances, we deem it appropriate to suspend respondent indefinitely and until further order of this Court (see e.g. Matter of Bailey, 177 AD3d at 1081; Matter of Frank, 135 AD3d 1152 [2016]; Matter of Park, 98 AD3d 814 [2012]). In doing so, we condition any future application by respondent for her reinstatement in this state upon proof that she has been reinstated to the practice of law in New Jersey, and that she is in full satisfaction of the attorney registration requirements applicable in this state (see Matter of Abongwa, 176 AD3d 1471, 1473-1474 [2019]).
Egan Jr., J.P., Clark, Devine, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the motion by the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of
law, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold herself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in her affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).



Footnotes

Footnote 1: The Attorney Grievance Committee for the Third Judicial Department correctly points out that respondent's professional misconduct in New Jersey also constitutes professional misconduct in New York, inasmuch as the majority of the rules found to have been violated by respondent are substantially similar to Rules of Professional Conduct (22 NYCRR) rules 1.1 (a); 1.3 (a); 1.4 (a) (3), (4); 1.5 (b) and 8.4 (c).