Matter of Winograd (2020 NY Slip Op 03587)





Matter of Winograd


2020 NY Slip Op 03587


Decided on June 25, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 25, 2020

PM-83-20

[*1]In the Matter of Ian Zev Winograd, an Attorney. (Attorney Registration No. 5464631.)

Calendar Date: May 11, 2020

Before: Garry, P.J., Lynch, Clark, Devine and Colangelo, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Law Offices of Richard E. Grayson, White Plains (Richard E. Grayson of counsel), for respondent.



Per Curiam.
Respondent was admitted to practice by this Court in 2016, subject to certain conditions. He was previously conditionally admitted in New Jersey in 2016, prior to his admission in this state.[FN1]
Following an investigation into allegations of misconduct, respondent entered into a stipulation of discipline by consent with the New Jersey Office of Attorney Ethics wherein he admitted that he had communicated with a client of his law firm in such a manner that led the client to believe that respondent was the attorney handling the client's New Jersey matter when he was not yet licensed in that state, and that such actions violated New Jersey Rules of Professional Conduct, rule 8.4 (c). Respondent further stipulated that he had violated New Jersey Rules of Professional Conduct, rule 5.5 (a) (1) by practicing law in New Jersey before he was licensed in that jurisdiction. The matter was presented to the New Jersey Disciplinary Review Board of the Supreme Court of New Jersey, which determined that a reprimand was the appropriate sanction for respondent's admitted misconduct. Accordingly, the Disciplinary Review Board submitted the matter to the Supreme Court of New Jersey for an entry of an order of discipline, and respondent was ultimately reprimanded in April 2019 (Matter of Winograd, 237 NJ 404, 205 A3d 225 [2019]).
Based on the foregoing, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves to impose discipline upon respondent due to his New Jersey misconduct (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13). Further, unrelated to his New Jersey misconduct, AGC alleges that respondent willfully violated the conditions of his admission in this state. AGC therefore moves to hold respondent in contempt pursuant to Judiciary Law § 750 (3) and further asks this Court to determine that his contemptuous conduct was prejudicial to the administration of justice and warrants discipline (see Judiciary Law § 90 [2]; see also Matter of Attorneys in Violation of Judiciary Law § 468-a [Campito], 179 AD3d 1346, 1348 [2020]; Matter of Meagher, 178 AD3d 1351, 1353 [2019]).
Concerning the first part of AGC's motion, this Court may discipline an attorney for "misconduct committed in [a] foreign jurisdiction" (Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [c]). We find that respondent's admitted misconduct in New Jersey would constitute misconduct in this jurisdiction in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rules 5.5 (a) and 8.4 (c) (see generally Matter of Aviles, 152 AD3d 27, 28 [2017]; Matter of Block, 116 AD3d 163, 165 [2014]). Further, respondent consented to the imposition of discipline along with the facts underlying his misconduct, establishing that he received due process and that the disciplinary findings did not suffer from an infirmity of proof (see Matter of Pavliv, 165 AD3d 1580, 1580 [2018]; Matter of Fitzgerald, 153 AD3d 315, 317 [2017]; see also Matter of Ambe, 182 AD3d 695, 696 [2020]). Because respondent has not established any of the applicable defenses pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (b), we grant that part of AGC's motion, find the misconduct established and turn to the issue of the appropriate disciplinary sanction (see Matter of Abongwa, 176 AD3d 1471, 1473 [2019]; Matter of Foo, 159 AD3d 1218, 1220 [2018]).
In determining the appropriate discipline for respondent's foreign misconduct, we have considered respondent's failure to properly advise this Court and AGC of his New Jersey discipline in a timely manner pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (d).[FN2] Conversely, in mitigation, we note respondent's relative inexperience and lack of any disciplinary history at the time of his misconduct (see ABA Standards for Imposing Lawyer Sanctions § 9.32 [a], [f]). We further find that respondent lacked a dishonest or selfish motive for his actions, which occurred while he was under the supervision of an experienced New Jersey attorney (see ABA Standards for Imposing Lawyer Sanctions § 9.32 [b]). Having considered all of the facts and circumstances presented, we find that a sanction consistent with his reprimand in New Jersey is appropriate (see Matter of Leite-Young, 177 AD3d 1240, 1242 [2019]; Matter of Dowgier, 170 AD3d 1424, 1425 [2019]; Matter of Loigman, 153 AD3d 1091, 1092 [2017]; see also Matter of Deitch, 109 AD3d 1, 3 [2013]). Accordingly, in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, we grant that part of AGC's motion and censure respondent for his foreign misconduct (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]).
Turning to that part of the motion seeking to find respondent in contempt of this Court's order conditionally admitting him to practice, we note that the actions establishing a finding of criminal contempt must be undertaken deliberately and willfully, and must be established beyond a reasonable doubt (see Judiciary Law § 750 [3]; see El-Dehdan v El-Dehdan, 26 NY3d 19, 34-35 [2015]). Having reviewed the parties' submissions, we decline to find respondent in contempt, as we do not believe that his actions were undertaken in blatant disregard of our order (see Muraca v Meyerowitz, 49 AD3d 697, 698 [2008]; compare Town Bd. of Town of Southampton v R.K.B. Realty, LLC, 91 AD3d 628, 629 [2012]). However, we caution respondent that an order of this Court must be strictly complied with, and it is his obligation to thoroughly review its terms and abide by them to the letter. Finally, the parties' submissions have brought to our attention that the terms of respondent's conditional admission in New Jersey have changed as of October 2019. Accordingly, we have determined that it is appropriate to amend the terms of respondent's conditional admission in this state and do so in a separate confidential order.
Garry, P.J., Lynch, Clark, Devine and Colangelo, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted in part and denied in part in accordance with the terms set forth in this order; and it is further
ORDERED that respondent is censured.



Footnotes

Footnote 1: Respondent is also licensed to practice law in Pennsylvania and Washington, DC.

Footnote 2: Respondent's submissions demonstrate that he provided this Court's Office of Attorney Admissions with brief updates on the status of his New Jersey professional matter as part of the reporting obligation in our conditional admission order. However, we find that providing such notice does not suffice to satisfy his duty to report his foreign discipline to this Court. Further, respondent failed to provide any notice of his discipline to AGC until August 2019, well after the 30-day deadline contained in Rules for Attorney Disciplinary Matter (22 NYCRR) § 1240.13 (d).