Matter of Yudkin (2020 NY Slip Op 03714)





Matter of Yudkin


2020 NY Slip Op 03714


Decided on July 2, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 2, 2020

PM-84-20

[*1]In the Matter of Steven Michael Yudkin, a Suspended Attorney. (Attorney Registration No. 3040664.)

Calendar Date: June 15, 2020

Before: Garry, P.J., Mulvey, Devine, Aarons and Colangelo, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Steven Michael Yudkin, Woodbridge, Connecticut, respondent pro se.



Per Curiam.
Respondent was admitted to practice by this Court in 2000. However, by September 2009 order of this Court, respondent was suspended from the practice of law for conduct prejudicial to the administration of justice arising from his longstanding noncompliance, from 2002 onward, with the attorney registration requirements of Judiciary Law § 468-a (Matter of Attorneys in Violation of Judiciary Law § 468-a, 65 AD3d 1447, 1482 [2009]). Respondent remains suspended to date and is currently delinquent in his registration obligations for nine consecutive biennial periods.
Respondent has never been admitted to the practice of law in his home state of Connecticut and, in December 2019, he was charged by Connecticut disciplinary authorities with two counts of engaging in the unauthorized practice of law based upon his provision of legal services for clients in a stock purchase agreement and in a probate matter. Respondent ultimately entered into a stipulation admitting that he had held himself out as a licensed attorney in Connecticut and had engaged in the unauthorized practice of law. Consequently, in January 2020, the Superior Court of Connecticut for the Judicial District of Milford directed that respondent cease and desist the practice of law in Connecticut and, among other things, barred him from seeking admission to the bar of Connecticut for 15 months.
Noting that the Connecticut disciplinary rule barring the unauthorized practice of law (Connecticut Rules of Professional Conduct rule 5.5; see Connecticut General Statute § 51-88) is substantially similar to Rules of Professional Conduct (22 NYCRR 1200.0) rule 5.5, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves, by order to show cause returnable June 15, 2020, to impose discipline upon respondent in New York based upon the professional misconduct he was found to have committed in Connecticut (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [a]; Rules of App Div, 3d Dept [22 NYCRR] § 806.13). In respondent's undated and unsworn responsive correspondence, he indicates that he does not contest the motion and requests leniency. Inasmuch as respondent does not raise any of the available defenses to AGC's motion (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b]), the motion to impose discipline is granted (see Matter of Tan, 149 AD3d 1344, 1345 [2017]).
With respondent's professional misconduct now established, we turn our attention to the issue of the appropriate disciplinary sanction. Notably, respondent's misconduct is aggravated by his longstanding attorney registration delinquency and decade-long suspension in this state, both of which evince respondent's disregard for his fate as an attorney in New York (see Matter of McSwiggan, 169 AD3d 1248, 1250 [2019]). As for the presence of any mitigating factors, although respondent did submit a brief letter ostensibly accepting responsibility for his misconduct, said letter offered no substantive explanation for his actions beyond expressing a misunderstanding of what constitutes the practice of law. Accordingly, given the absence of genuine mitigating circumstances presented herein, we conclude that, in order to "protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, respondent should be disbarred in this state" (Matter of Cresci, 175 AD3d 1670, 1672 [2019]; see Matter of Filimonova—Poley, 130 AD3d 1240, 1241 [2015])).
Garry, P.J., Mulvey, Devine, Aarons and Colangelo,
JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).