Matter of Hoines (2020 NY Slip Op 04226)





Matter of Hoines


2020 NY Slip Op 04226


Decided on July 23, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 23, 2020

PM-94-20

[*1]In the Matter of David A. Hoines, an Attorney. (Attorney Registration No. 2923035.)

Calendar Date: June 15, 2020

Before: Egan Jr., J.P., Lynch, Clark, Devine and Reynolds Fitzgerald, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.
David A. Hoines, Fort Lauderdale, Florida, respondent pro se.



Per Curiam.
previously being admitted in his home state of Florida in 1975. In response to Florida disciplinary charges that he had engaged in a conflict of interest in connection with his representation of a set of siblings in a probate matter, respondent entered a conditional guilty plea admitting his misconduct and consenting to discipline. The matter was submitted to a referee, who issued a report confirming respondent's misconduct and recommending the imposition of a 30-day suspension, the return of $25,000 in counsel fees that he had received and the repayment of costs associated with the Florida disciplinary proceedings. The referee submitted its report to the Supreme Court of Florida, and that Court approved the uncontested report and imposed the aforementioned disciplinary sanctions, effective May 2013 (The Florida Bar v Hoines, 115 So 3d 1002 [Fla 2013]). The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves, pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13, to impose discipline upon respondent due to his Florida misconduct. Respondent has submitted a response to the motion for our consideration.
Pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (c), this Court may discipline an attorney for "misconduct committed in [a] foreign jurisdiction." Respondent does not assert any of the available defenses provided in Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (b) and, accordingly, those defenses have been waived (see Matter of McCarthy, 166 AD3d 1465, 1466 [2018]). In any event, we find that respondent's willing consent to discipline in Florida, together with his concession that his actions violated rule
4-1.8 (a) (1) of the Rules Regulating the Florida Bar, establish that he received due process and that the disciplinary findings in that state did not suffer from an infirmity of proof (see Matter of Winograd, 184 AD3d 1073, ___, 2020 NY Slip Op 03587, *1 [2020]; Matter of Jauregui, 175 AD3d 34, 37 [2019]). Further, we find that respondent's sustained misconduct in Florida would violate Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.8 (a), which prohibits the same conduct as the analogous rule he was found to have violated in Florida (see Matter of Kachroo, 180 AD3d 183, 185-187 [2020]; Matter of Lauletta, 167 AD3d 1225, 1225-1226 [2018]). We therefore grant AGC's motion, find the misconduct established and turn to the issue of the appropriate disciplinary sanction (see Matter of Abongwa, 176 AD3d 1471, 1473 [2019]; Matter of Vega, 147 AD3d 1196, 1198 [2017]).
In aggravation, we first note respondent's failure to properly advise this Court of his Florida discipline in a timely manner pursuant to Rules of the Appellate Division, Third Department (22 NYCRR) former § 806.19 (b) (see e.g. Matter of Berglund, 183 AD3d 1178, 1178 n [2020]; Matter of Sgambettera, 144 AD3d 1488, 1489 [2016]). Conversely, in mitigation, we have considered respondent's remorse for his misconduct, as well as his remorse for his failure to report same to us in a timely manner (see ABA Standards for Imposing Lawyer Sanctions § 9.32 [l]). We have also considered that respondent has no history of past discipline over a long career practicing law (see ABA Standards for Imposing Lawyer Sanctions § 9.32 [a]).
We note that, while we may consider the sanction imposed by a foreign jurisdiction, we are not bound by that decision in determining the proper sanction in this state (see e.g. Matter of Ambe, 182 AD3d 695, 697 [2020]). In this respect, while we are mindful of the severity of the sanction in Florida, we have considered the mitigating and aggravating factors and applicable past precedent in this state, and have determined that a censure is appropriate under the circumstances (see Matter of Cohen, 12 AD3d 29, 32 [2004]; Matter of Coxeter, 208 AD2d 1178, 1178 [1994]). Accordingly, in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, we censure respondent for his foreign misconduct (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]).
Egan Jr., J.P., Lynch, Clark, Devine and Reynolds Fitzgerald, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is censured.