Matter of Petigara (2020 NY Slip Op 04516)





Matter of Petigara


2020 NY Slip Op 04516


Decided on August 13, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: August 13, 2020

PM-105-20

[*1]In the Matter of Vishal Sanmukh Petigara, an Attorney. (Attorney Registration No. 4225629.)

Calendar Date: June 19, 2020

Before: Egan Jr., J.P., Lynch, Mulvey, Aarons and Reynolds Fitzgerald, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Frankfurt Kurnit Klein & Selz, P.C., New York City (Tyler Maulsby of counsel), for respondent.



Per Curiam.
Respondent was admitted to practice by this Court in 2004 and was subsequently admitted in Pennsylvania in 2005 and in New Jersey in 2007. He currently provides a Philadelphia business address in his Office of Court Administration registration statement. In 2017, New Jersey disciplinary authorities petitioned for respondent's interim suspension based upon, among other things, allegations that he had failed to cooperate with the investigation of a client complaint. Based upon these allegations and respondent's failure to respond to the petition, the Supreme Court of New Jersey suspended respondent by January 2018 order (Matter of Petigara, 231 NJ 491, 176 A3d 810 [2018]). Respondent was eventually reinstated to the practice of law in New Jersey in May 2019 (Matter of Petigara, 237 NJ 556, 206 A3d 417 [2019]).
The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves to impose discipline upon respondent due to his New Jersey misconduct and resulting suspension. Respondent has filed an affidavit with exhibits and corresponding memorandum of law from counsel in opposition to the motion and AGC has submitted a reply.
Pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13, upon the motion of the applicable grievance committee containing proof that an attorney has been disciplined in a foreign jurisdiction, this Court may discipline an attorney based upon the misconduct underlying that discipline (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [a], [c]). In contesting a motion to discipline an attorney based on foreign misconduct, the attorney may assert three specific defenses: (1) that the disciplinary hearings in the foreign jurisdiction lacked due process; (2) that there was an infirmity of proof establishing the misconduct; or (3) that the alleged misconduct forming the basis for discipline in the foreign jurisdiction would not constitute misconduct in New York (see Matter of Loigman, 153 AD3d 1091, 1091 [2017]; Matter of Torchia, 151 AD3d 1369, 1370 [2017], lv denied 30 NY3d 911 [2018]; Matter of Vega, 147 AD3d 1196, 1197 [2017]).
In his submission to this Court, respondent argues that the imposition of public discipline would be unjust based on the fact that the matter precipitating the New Jersey investigation with which he failed to comply was ultimately dismissed. However, respondent does not dispute that he is subject to discipline in this state based upon his lengthy temporary suspension in New Jersey and does not present any of the available defenses in this proceeding seeking to discipline him for his foreign misconduct (see Matter of Yudkin, ___ AD3d ___, ___, 124 NYS3d 883, 884 [2020]; Matter of Tyler, 179 AD3d 1438, 1439 [2020]). In any event, we find that his failure to cooperate with disciplinary authorities in New Jersey would constitute misconduct in this state in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (d) (see Matter of Bailey, 177 AD3d 1079, 1080 n [2019]). Further, the record before us confirms that respondent was provided with the requisite notice of the petition to suspend him and there are no concerns regarding an infirmity of proof establishing his misconduct (see Matter of Cresci, 175 AD3d 1670, 1672 [2019]; Matter of Winters, 160 AD3d 168, 169-170 [2018]; Matter of Chambers, 150 AD3d 163, 170 [2017]). We therefore grant AGC's motion, find the misconduct established and turn to the issue of the appropriate disciplinary sanction (see Matter of Rinaldo, 168 AD3d 1212, 1212-1213 [2019]).
In aggravation, we note respondent's failure to provide notice of his New Jersey discipline to this Court and AGC in a timely manner pursuant to the requirements of Rules for Attorney Disciplinary Matter (22 NYCRR) § 1240.13 (d).[FN1] However, in mitigation of his misconduct, we note the difficult personal circumstances that respondent encountered during the relevant period of time (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [c]). Further, we note that respondent has no history of past discipline, and his misconduct appears to be aberrational (see ABA Standards for the Imposing Lawyer Sanctions standard 9.32 [a]). Finally, and perhaps most compelling, we note that the disciplinary investigation to which respondent initially failed to respond was ultimately dismissed and no formal discipline was imposed. Although we find that respondent's misconduct warrants more than the private discipline he seeks in his opposition to the motion, we have determined, based upon our consideration of the foregoing factors in total, that a lesser sanction than the term of suspension he ultimately served in New Jersey is appropriate (see Matter of Hoines, ___ AD3d ___, ___, 2020 NY Slip Op 04226, *2 [2020]). Accordingly, in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, we censure respondent for his foreign misconduct (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]).
Egan Jr., J.P., Lynch, Mulvey, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is censured.



Footnotes

Footnote 1: As an exhibit to his affidavit, respondent provides correspondence with his then-counsel suggesting that he intended to provide the requisite notice. However, we find these submissions insufficient to conclusively establish that he sent the required notice, which AGC has denied ever receiving and which, in any event, would have arrived well beyond the 30-day timeframe provided in Rules for Attorney Disciplinary Matter (22 NYCRR) § 1240.13 (d).