Matter of Hoover (2021 NY Slip Op 04532)





Matter of Hoover


2021 NY Slip Op 04532


Decided on July 22, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:July 22, 2021

PM-97-21
[*1]In the Matter of Gregory Scott Hoover, an Attorney. (Attorney Registration No. 4968707.)

Calendar Date:June 1, 2021

Before:Egan Jr., J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Dobson Law LLC, New York City (Craig Dobson of counsel), for respondent.



Per Curiam.
Respondent was admitted to practice in Oregon in 2002, in his home state of Washington in 1998, and by this Court in 2011. In March 2021, respondent entered into a stipulated disposition with Washington disciplinary authorities wherein he admitted to committing certain misconduct in his representation of a non-English speaking criminal defendant, which consisted of his failure to arrange for adequate translation services for his client's court proceedings as well as for his private communications with his client, and his failure to properly communicate the risks of rejecting a specific plea offer. Based upon such stipulation, the Supreme Court of Washington suspended respondent from the practice of law for the agreed-upon 30-day term, effective March 26, 2021.[FN1] Washington records now indicate that respondent is currently an attorney in good standing.
The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves to impose discipline upon respondent pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13 as a consequence of his Washington misconduct. Respondent has submitted an affidavit conceding that he is subject to discipline based upon his Washington misconduct and asking this Court to impose a sanction no more severe than the suspension that he received in that state.
Respondent has waived his ability to present any of his available defenses and has consented to the imposition of some form of discipline in this state. In any event, the record in this matter demonstrates that respondent stipulated to his misconduct and discipline, which evidences that he received sufficient due process and that his misconduct is sufficiently established (see Matter of Winograd, 184 AD3d 1073, 1074 [2020]), and it is also clear that his misconduct in Washington would also constitute misconduct in this state (see Rules of Professional Conduct [22 NYCRR § 1200.0] rules 1.3, 1.4). We therefore turn to our consideration of the appropriate sanction for his foreign misconduct (see Matter of Hoines, 185 AD3d 1349, 1350 [2020]).
As part of our determination of the appropriate sanction, we have considered the factors identified in respondent's stipulation to discipline in Washington, which was ultimately accepted by the Supreme Court of Washington (see Matter of Berglund, 183 AD3d 1178, 1179 [2020]).[FN2] Specifically, in mitigation of respondent's misconduct, the parties stipulated that respondent has no prior disciplinary history, that his actions were taken without a dishonest or selfish motive and that he possessed a good reputation and character (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [a], [b], [g]). Conversely, in aggravation, the parties to the Washington proceeding stipulated that respondent's misconduct encompassed multiple offenses and that he had extensive experience practicing law at the time of the misconduct[*2](see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [d], [i]).
Beyond the factors considered in the foreign jurisdiction, we note that respondent timely fulfilled his obligation to provide notice of his foreign discipline to this Court and AGC within 30 days (cf. Matter of Hoines, 185 AD3d at 1350). We have also considered that respondent has already served suspensions in the other two jurisdictions where the bulk of his law practice is constituted (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [k]) and that he is remorseful for his misconduct (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [l]). Finally, we have considered the precedent in this state for similar misconduct that also presents similar factors in mitigation (see Matter of D'Amico, 166 AD3d 1375, 1376 [2018]; Matter of Shaw, 137 AD3d 19, 20-21 [2016]; see also Matter of Leite-Young, 177 AD3d 1240, 1241-1242 [2019]). For these reasons, and other practical considerations, we find that a censure is appropriate under the circumstances (see Matter of Marquis, 192 AD3d 83, 86-87 [2020]; see also Matter of Petigara, 186 AD3d 940, 942 [2020]). Accordingly, in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, we censure respondent for his foreign misconduct (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]).
Egan Jr., J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is censured.



Footnotes

Footnote 1: Respondent was suspended from the practice of law for 30 days in Oregon shortly thereafter on the basis of his Washington misconduct.

Footnote 2: We note that respondent has asked this Court to impose a similar sanction to his 30-day suspension in Washington, but requests that we impose that sanction nunc pro tunc to the date he was first suspended in that state. Moreover, owing to the fact that more than 30 days has elapsed since that date, he asks that we automatically reinstate him to the practice of law. However, Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.16 does not provide for automatic reinstatement and instead contemplates that a suspended attorney can only be reinstated upon his or her formal application at the conclusion of the specified term. Nonetheless, based on the representations in his submission, we interpret his request as one seeking a sanction that would not result in an actual term of suspension based upon the potential effect on his ability to continue his immigration law practice.