Matter of Spechler (2021 NY Slip Op 05615)





Matter of Spechler


2021 NY Slip Op 05615


Decided on October 14, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:October 14, 2021

PM-140-21
[*1]In the Matter of Jay S. Spechler, an Attorney. (Attorney Registration No. 2059640.)

Calendar Date:August 16, 2021

Before:Egan, J.P., Lynch, Clark, Aarons and Reynolds Fitzgerald, JJ. 

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Jay S. Spechler, Hollywood, Florida, respondent pro se.



Per Curiam.
Respondent was admitted to practice by this Court in 1986 and is also a member of the bar in Florida, where he presently resides and formerly served as a member of the judiciary in Broward County. In February 2020, the Supreme Court of Florida approved a stipulation and consent judgment wherein respondent admitted to posting a threatening online comment directed at another member of the Florida judiciary. As a consequence, the Court suspended respondent from the practice of law in Florida for a 45-day term. Accordingly, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) moves to impose discipline upon respondent in New York based upon his sustained misconduct in Florida (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13; Rules of App Div, 3d Dept [22 NYCRR] § 806.13). Respondent has submitted an affidavit in opposition to the motion.
Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 provides three available defenses to an attorney who faces discipline based upon a foreign finding of misconduct (see Matter of Long, 191 AD3d 1234, 1235 [2021], appeal dismissed ___ NY3d ___ [Oct. 7, 2021]). Specifically, an attorney may assert (1) that the disciplinary hearings in the foreign jurisdiction lacked the requisite notice and opportunity to be heard such that the respondent was deprived of his or her due process, (2) that there was an infirmity of proof establishing the misconduct, and/or (3) that the alleged misconduct forming the basis for discipline in the foreign jurisdiction does not constitute misconduct in New York (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b]). Having reviewed the parties' submissions, we conclude that respondent has not established any of the available defenses to the imposition of discipline in this state (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13).
Respondent's contentions regarding potential conflicts or bias in the proceedings were never raised to Florida disciplinary authorities or before the Supreme Court of Florida and, in any event, are unsupported on the record before us. Moreover, we note that respondent stipulated to his misconduct in that state while represented by counsel and attested that he had acted "freely and voluntarily" in consenting to discipline, and had "tender[ed] [his] plea without fear or threat of coercion" (see Matter of Hoover, 196 AD3d 994, 994-995 [2021]; Matter of Winograd, 184 AD3d 1073, 1074 [2020]; Matter of Edelstein, 144 AD3d 1311, 1312 [2016]). We therefore reject his contentions regarding a lack of due process in the Florida proceedings. Similarly, respondent's arguments regarding an infirmity of proof are rendered meritless by his stipulation to the facts that underlie the Supreme Court of Florida's finding of misconduct (see Matter of Winograd, 184 AD3d at 1074; Matter of Mora, 163 AD3d 1, 6 [2018]; Matter of Frants, 160 AD3d 171, 174 [2018]). Finally, we find that the threatening [*2]language at issue constitutes conduct that adversely reflects on respondent's fitness as a lawyer, and the language preceding that statement offers no compelling justification to depart from that conclusion (see Matter of Schlossberg, 192 AD3d 8, 12 [2020]; Matter of Krapacs, 189 AD3d 1962, 1963 [2020]; Matter of Stern, 118 AD3d 85, 87-88 [2014]). As respondent has failed to meritoriously present any of his available defenses, we find his misconduct established and proceed to our consideration of the appropriate sanction (see Matter of Petigara, 186 AD3d 940, 942 [2020]).
We have considered the mitigating factors identified in respondent's stipulation in the Florida disciplinary proceedings, and ultimately accepted by the Supreme Court of Florida, justifying the 45-day suspension that respondent received in that state (see Matter of Berglund, 183 AD3d 1178, 1179 [2020]). Further, we note that respondent fulfilled his obligation to timely report his Florida discipline to AGC and this Court (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [d]). Finally, we have taken into account that there is no indication that respondent has any prior history of discipline in this state or in his home jurisdiction of Florida (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [a]). Having considered these factors, along with other practical considerations, we find that a censure is appropriate under the circumstances (see Matter of Hoover, 196 AD3d at 995-996; Matter of Marquis, 192 AD3d 83, 86-87 [2020]; see also Matter of Petigara, 186 AD3d 940, 942 [2020]). Accordingly, in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, we censure respondent for his foreign misconduct (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]).
Egan, J.P., Lynch, Clark, Aarons and Reynolds
Fitzgerald, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is censured.