Matter of Yiheng Lou (2022 NY Slip Op 03791)

Matter of Yiheng Lou

2022 NY Slip Op 03791

Decided on June 9, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 9, 2022

PM-109-22
[*1]In the Matter of Yiheng Lou, an Attorney. (Attorney Registration No.5264478.)

Calendar Date:February 28, 2022

Before:Lynch, J.P., Clark, Pritzker, Reynolds Fitzgerald and Ceresia, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan, of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Yiheng Lou, Beijing, China, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 2014. Respondent was previously also authorized to practice before the United States Patent and Trademark Office (hereinafter USPTO) in trademark and nonpatent matters, apparently on the strength of his New York license alone (see 37 CFR 11.1, 11.14).
By May 2021 order entered upon a settlement agreement with respondent, however, the USPTO suspended respondent from practice before it for a three-month term, with a subsequent 21-month probationary period, upon stipulated facts establishing respondent's violation of numerous provisions of the USPTO Rules of Professional Conduct (37 CFR part 11, subpart D). More particularly, it was stipulated that respondent had entered into a business relationship with Shenzhen Dingji Intellectual Property Company to review applications for US trademarks made by Shenzhen Dingji's clientele. In exchange for respondent's services, he would be compensated by Shenzhen Dingji pursuant to a tiered compensation formula whereby respondent would receive a predetermined dollar amount for each application processed on Shenzhen Dingji's behalf. Respondent was thereafter listed as the attorney of record on thousands of such applications before the USPTO, although he did not personally have any direct contact with the individual applicants and instead delegated the application preparation to a nonlawyer employee of Shenzhen Dingji who would later affix respondent's digital signature to the applications, in direct contravention of federal law and associated USPTO published guidance (see 37 CFR 2.193 [a], [c], [f]; USPTO Trademark Manual of Examining Procedure § 611.01 [a]-[c]).
Further, despite being attorney of record, respondent did not enter into engagement agreements with any of the trademark applicants at issue, did not communicate with the applicants concerning a fee for his services and did not have any substantive legal conversations with the applicants about either the particularities of their individual applications or the fact that Shenzhen Dingji was compensating respondent for his services on each applicant's behalf.[FN1] Instead, only Shenzhen Dingji personnel communicated with the trademark applicants and, even upon being advised by USPTO staff of the issue of impermissible signatures on trademark applications for which he was attorney of record, respondent did not inform the relevant applicants about the issue and the potentially adverse consequences upon the applicants' intellectual property rights, instead entrusting that obligation to Shenzhen Dingji personnel. Accordingly, in addition to the aforementioned suspension from practice and postsuspension probationary term, the USPTO specifically directed respondent to personally apprise the trademark applicants of the impermissible signature issues by a date certain. Notably, although respondent's three-month suspension before the USPTO commenced in May 2021, he has not sought reinstatement to date and proof [*2]of respondent's compliance with the notification directives of the USPTO order has not been provided to this Court.[FN2]
As a consequence of respondent's established misconduct before the USPTO, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves to impose discipline upon respondent (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13). Respondent opposes the motion by unsworn papers filed with the Court,[FN3] and AGC has been heard in reply.
It is well established that, absent a respondent's successful invocation of one of three specifically enumerated defenses, this Court is authorized to afford collateral estoppel effect to the findings of professional misconduct made by certain foreign jurisdictions and to impose discipline upon the respondent in this state as a consequence (see Rules for Attorney Disciplinary Matters [22 NYCRR] §§ 1240.2 [h]; 1240.13). In terms of the formal defenses invoked by respondent herein, he merely avers that the conduct for which he was sanctioned by the USPTO does not constitute professional misconduct in New York (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b] [3]). We flatly reject this contention, however. The Rules found to be violated by the USPTO each have direct — and often verbatim — analogues in the Rules of Professional Conduct (22 NYCRR 1200.0) and, as a consequence, the facts stipulated to by respondent establish a violation of this state's Rules to the same degree as the USPTO's Rules were found violated (compare 37 CFR 11.101; 11.103, 11.104 [a], [b]; 11.108 [f], 11.303 [a] [1], [3]; [b], [d]; 11.503 [b]; 11.505, and 11.804 [d], with Rules of Professional Conduct [22 NYCRR 1200.0] rules 1.1 [a]; 1.3 [a]; 1.4 [a], [b]; 1.8 [f], 3.3 [a] [1], [3]; [b], [d]; 5..3 [a]; 5.5 [b] and 8.4 [d]). With respondent's professional misconduct thus established, we turn to the issue of the sanction to be imposed.
To that end, we are not obliged to impose the same sanction as was imposed by the foreign tribunal (see Matter of Hoines, 185 AD3d 1349, 1350 [2020]; Matter of Powers, 176 AD3d 1468, 1470 [2019]), and are instead charged with crafting a sanction which is "appropriate to protect the public, maintain the honor and integrity of the profession, or deter others from committing similar misconduct" (Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]). We have considered the mitigating circumstances recognized by the USPTO, including respondent's previously clean disciplinary record before that body, but respondent's present efforts to minimize the gravity of his misconduct and his personal culpability therefore are directly contradicted by the facts he stipulated to before the USPTO. Furthermore, in aggravation, we observe that respondent's conduct exhibited a pattern of misconduct over a period of time encompassing multiple individual transgressions (see ABA Standards for Imposing Lawyer Sanctions standards 9[*3].22 [c], [d]) and that the scheme respondent entered into with Shenzhen Dingji personally profited respondent to the tune of upwards of $10,000 per month (see ABA Standards for Imposing Lawyer Sanctions standards 9.22 [b]).
Finally, we also note our role as the paramount licensing authority for those nonresident individuals — like respondent — whose ability to practice federal law is entirely derived from, and contingent upon, their admission to practice by this Court. In our view, we have an overriding interest in insuring that those practitioners who choose this particular path to practice do so ethically and in compliance with all applicable rules. Thus, where it concerns out-of-state attorneys whose federal practice flows directly from their licensure by this Court, principles of general deterrence should militate towards the imposition of a sanction which gives notice to all similarly-situated individuals that they are not practicing in a vacuum and that, ultimately, the final arbiter as to the gravity of their misconduct will be New York State as the paramount licensing authority.
Taking all of the aforementioned factors into consideration, we deem an eight-month period of suspension to be the appropriate disciplinary sanction for respondent's misconduct. Furthermore, we condition respondent's future reinstatement to practice in New York upon proof of his satisfaction of the requirements set forth in paragraphs 40 (c) and (d) of the Final Order of the USPTO dated May 12, 2021.
Lynch, J.P., Clark, Pritzker, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of law for a period of eight months, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).

Footnotes

Footnote 1: In fact, respondent has stipulated that he was not even aware of the amount of the fee that Shenzhen Dingji was charging its clientele for the preparation and filing of trademark applications, and it is therefore unknown whether such legal fee was commensurate with, or far in excess of, the tiered compensation ultimately provided to respondent by Shenzhen Dingji (see generally Rules of Professional Conduct [22 NYCRR 1200.0] rule 5.4).

Footnote 2: We note that the duration of the USPTO suspension has the potential to expand to a 24-month suspension from practice upon proof that respondent has failed to comply with any aspect of the USPTO's order.

Footnote 3: We have exercised our discretion to consider respondent's opposition papers notwithstanding their defective form (see Rules of App Div, 3d Dept [22 NYCRR] § 806.13 [c]).